FRANCIS SULLIVAN v. THE STATE.

No. 21555. Delivered April 30, 1941.

The opinion states the case.

*Crane & Glarner,* of Raymondville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

HAWKINS, Presiding Judge.

Conviction is for violating the game laws; punishment assessed being a fine of $50.00.

Prosecution was under Article 902, P. C., 1925, which, insofar as applicable here, reads as follows:
"It shall be unlawful for any person at any time of the year to hunt deer or any other animal or bird protected by this chapter, by the aid of what is commonly known as a headlight or hunting-lamp, or by artificial light attached to an automobile, or by the means of any form of artificial light."

Omitting the formal parts, the complaint and information charged that appellant:
"Did then and there unlawfully hunt deer, or other animals

protected by the Statutes of the State of Texas, by the aid of an artificial light attached to an automobile, on and upon U. S. Highway No. 281, and the lands adjacent thereto, which is in a community where deer are known to range."

When the case was called for trial appellant moved to quash the State's pleadings upon the ground that they were indefinite and failed to inform him with sufficient certainty of the charge he was called upon to defend against; hence he could not prepare his defense. The motion to quash was overruled and the question as to the pleadings is before us.

Article 396, sub. 7, C. C. P., 1925, in setting out the requisites of an indictment, directs that "the offense must be set forth in plain and intelligible words."

Article 405, C. C. P., 1925, regarding the certainty required provides:

"An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment."

Articles 414 and 416, C. C. P., 1925, require the same certainty regarding informations as is necessary relative to indictments.

The principles controlling in determining the certainty in the State's pleadings will be found discussed in many cases cited in Branch's Ann. Tex. P. C., pp. 255 and 256, and in 23 Tex. Jur., pp. 625 and 626. See also Lagrone v. State, 12 Tex. Cr. App. 426.

No extended discussion is called for. A simple reference to the complaint and information will disclose that from their face it was impossible for the accused to know for what offense he was going to be tried, whether hunting deer or some other animals protected by the game laws.

The judgment is reversed and the prosecution ordered dismissed.